**WANG, GAO & ASSOCIATES, P.C.**
Heng Wang, Esq. (HW 0786)
36 Bridge Street
Metuchen, NJ 08840
Tel:   (732) 767-3020
Fax:   (732) 343-6880
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Yunjie Deng, Jianwei Zhao, Yanxue Liang, Keqing Song, Feng Yay Yeng a/k/a Fengyan Yang, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>The Dolar Shop Restaurant Group LLC d/b/a The Dolar Shop Hot Pot, Dolar Shop USA, LLC d/b/a The Dolar Shop Hot Pot, Tzu Yen Cheung a/k/a Tzu Y. Cheung a/k/a Tzu Cheung a/k/a Ken Y. Cheung a/k/a Ken Cheung, Yu Zhang a/k/a Suzie Zhang, Lili Shen, John Doe 1-5, Company ABC 1-5<br><br>Defendants. | **CIVIL ACTION**<br><br>**Case No.:**<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**COLLECTIVE ACTION UNDER 29 U.S.C. 216(b) AND CLASS ACTION UNDER RULE 23** |

Plaintiffs, by and through their undersigned counsel, by way of Complaint against Defendants The Dolar Shop Restaurant Group LLC d/b/a The Dolar Shop Hot Pot, Dolar Shop USA, LLC d/b/a The Dolar Shop Hot Pot, Tzu Yen Cheung a/k/a Tzu Y. Cheung a/k/a Tzu Cheung a/k/a Ken Y. Cheung a/k/a Ken Cheung, Yu Zhang a/k/a Suzie Zhang, Lili Shen, John Doe 1-5, Company ABC 1-5, state as follows:

- 1 -

# INTRODUCTION

1. Plaintiffs herein bring this lawsuit because they are entitled to unpaid wages pursuant to the Fair Labor Standards Act (hereinafter, "FLSA") and the New Jersey Wage and Hour Laws (hereinafter, "NJWHL").

2. Among other things, Defendants failed to pay minimum wage, overtime compensation, and illegally withheld wages already earned by Plaintiffs.

# JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. 1391 because Plaintiffs were employed by Defendants in this district, and thus all transgressions occurred in this district.

# PARTIES

6. Plaintiffs are individuals who reside in the State of New Jersey.

7. Defendant The Dolar Shop Restaurant Group LLC d/b/a The Dolar Shop Hot Pot is a limited liability company that operates a restaurant business at 2066 Lincoln Hwy, Edison, NJ 08817. It also operates multiple restaurants in New York City.

8. Dolar Shop USA, LLC  d/b/a The Dolar Shop Hot Pot is a limited liability company that operates a restaurant business at 2066 Lincoln Hwy, Edison, NJ 08817. It also operates multiple restaurants in New York City.

9. Defendant Tzu Yen Cheung a/k/a Tzu Y. Cheung a/k/a Tzu Cheung a/k/a Ken Y. Cheung a/k/a Ken Cheung (hereinafter, "Cheung") is an owner and the President of the restaurant.

10. Defendant Yu Zhang a/k/a Suzie Zhang (hereinafter, "Zhang") is an owner and the CEO of the restaurant.

11. Defendant Lili Shen (hereinafter, "Shen") is an owner and the CFO of the restaurant. Defendant Lili Shen resides at 135 W 52nd Street, New York, NY 10019.

12. Cheng and Zhang were primarily responsible for the management of the restaurant from its opening till the end of June, 2019; thereafter, Shen became primarily responsible for the management.

13. All individual defendants are involved in the management of the restaurant. They each supervised the workers in general during Plaintiffs' employment, and were responsible for, among other things, overlooking employees' work schedules, compensation, and the restaurant's pay and recordkeeping practices.

14. All individual defendants should be held personally liable for Defendants' labor law violations.

15. All individual defendants have significant assets, including without limitation real estate and business interest in multiple entities.

16. John Doe 1-5 are individuals associated with Defendants who should also be held liable.

17. Company ABC 1-5 are entities associated with Defendants which should also be held liable.

**FACTUAL ALLEGATIONS**

18. Plaintiffs were employed by the restaurant as servers or kitchen workers since its opening on March 17, 2019.

- 3 -

19. Plaintiffs would work more than 12 hours/day. They initially generally worked 7 days/week, then generally 6 days/week later.

20. Despite the long hours they worked, Defendants failed to pay them minimum wage and overtime compensation.

21. For a substantial period of time, Defendants willfully withheld wages already earned by Plaintiffs for hours worked.

22. Moreover, Defendants mishandled tips and breaks.

23. Defendants also failed to maintain proper employment records as required by the federal and state labor law statutes.

24. Except Yunjie Deng who left her employment on or about December 15, 2019, the other plaintiffs are still being employed by Defendants.

## CLASS AND COLLECTIVE ALLEGATIONS

25.  Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Defendants who elect to opt in to this action (the "FLSA Collective").

26. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs, and as such, notice should be sent to the FLSA Collective. There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

27. Plaintiffs also bring this action on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedures.

28. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

29. The claims of Plaintiff are typical of the claims of the Rule 23 Class.

30. Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class.

31. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class.

32. The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.

33. Plaintiffs have retained counsel competent and experience in labor and employment litigation.

34. It has been Defendants' persistent policy, pattern and practice to fail to pay its employees proper wages as required by law.

35. Defendants' unlawful conduct has been widespread, repeated and consistent.

36. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
**Overtime Wages Under the FLSA**

37. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

38. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of 40 hours per week to which Plaintiffs were entitled under 29 U.S.C. 206(a), in violation of 29 U.S.C. 207(a)(1).

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C 255(a).

40. Defendants have no made a good faith effort to comply with the FLSA with respect to their compensation to Plaintiffs.

41. Plaintiffs are entitled to recover from Defendants their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. 216(b), all in an amount to be determined at trial.

## COUNT II
**Overtime Wages Under the NJWHL**

42. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

43. Under the New Jersey Wage and Hour Law, a plaintiff is entitled to receive 1.5 times the plaintiff's regular rate for each hour worked above 40 in a giving week. N.J.S.A. 34.11-56a4 and N.J.A.C. 12:56-6.1.

44. Defendants' failure to pay overtime compensation violated N.J.S.A. 34:11-56a4.

45. As a result, Plaintiffs suffered damages.

## COUNT III
**Minimum Wage Under the FLSA**

46. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

47. Defendants failed to pay Plaintiffs minimum wages, in violation of the FLSA.

48. As a result, Plaintiffs suffered damages.

## COUNT IV
**Minimum Wage Under the NJWHL**

49. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

50. Defendants failed to pay Plaintiffs minimum wages, in violation of the NJWHL.

51. As a result, Plaintiffs suffered damages.

## COUNT V
**Unpaid Wages Under the FLSA**

52. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

53. For a substantial period of time, Defendants failed to pay Plaintiffs any compensation for hours worked.

54. Defendants willfully failed to pay Plaintiffs wages for hours worked in violation of 29 U.S.C. 206(a).

55. As a result, Plaintiffs suffered damages.

### COUNT VI
### Unpaid Wages Under the NJWHL

56. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

57. For a substantial period of time, Defendants failed to pay Plaintiff any compensation for hours worked.

58. Defendants willfully failed to pay Plaintiffs wages for hours worked in violation of the NJWHL.

59. As a result, Plaintiffs suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and the NJWHL;

2. Injunction enjoining Defendants from further unlawful labor law practices;

3. Certification of this case as a collective action pursuant to the FLSA;

4. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

5. Compensatory damages;

6. Liquidated damages;

7. Prejudgment interest;

8. Post-judgment interest;

9. Attorney's fees and costs;

10. Such other relief as this Court shall deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: December 22, 2019

/s/ Heng Wang
By: Heng Wang (HW0786)
Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: 732-767-3020
heng.wang@wanggaolaw.com

*Attorneys for Plaintiffs, proposed FLSA Collective, and potential Rule 23 Class*