# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUNJIE DENG, JIANWEI ZHAO, YANXUE LIANG, KEQING SONG, FENG YAY YENG a/k/a FENGYAN YANG, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>THE DOLAR SHOP RESTAURANT GROUP LLC d/b/a THE DOLAR SHOP HOT POT, DOLAR SHOP USA, LLC d/b/a THE DOLAR SHOP HOT POT; TZU YEN CHEUNG a/k/a TZU Y. CHEUNG a/k/a KEN Y. CHEUNG a/k/a KEN CHEUNG; YU ZHANG a/k/a SUZIE ZHANG, LILI SHEN, JOHN DOE 1-5, COMPANY ABC 1-5,<br><br>       Defendants. | Civil Action No. 19-21775 (FLW)<br><br>**ORDER** |

**THIS MATTER** comes before the Court on a Motion for Default Judgment filed by Heng Wang, Esq., counsel for Plaintiffs Yungjie Deng ("Deng"), Jianwei Zhao ("Zhao"), Yanxue Liang ("Liang"), Keqing Song ("Song"), and Feng Yay Yeng ("Yay Yeng") (collectively, "Plaintiffs"); it appearing that Defendants The Dolar Shop Restaurant Group LLC ("Dolar Shop Restaurant Group"), Dolar Shop USA, LLC ("Dolar Shop USA"), Tzu Yen Cheung ("Cheung"), Yu Zhang ("Zhang"), and Lili Shen ("Shen") (collectively "Defendants") have not opposed the Motion; the Court having reviewed the submissions of Plaintiffs pursuant to Fed. R. Civ. P. 78, makes the following findings:

## **FACTUAL BACKGROUND**

1. Plaintiffs bring this action on behalf of themselves and a class of persons allegedly so numerous that joinder of all member is impracticable.

2. With the exception of Deng, who left her employment on or about December 15, 2019, Plaintiffs work as servers or kitchen staff at the Dolar Shop Hot Pot, a restaurant located in Edison, New Jersey.  (Compl. ¶¶ 18, 24.)

3. Plaintiffs allege that Defendants have violated the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Laws ("NJWHL") by willfully failing to properly pay employee wages, including failure to pay minimum wage and overtime compensation.  (*Id.* at ¶¶ 1-2.)  In addition, Plaintiffs allege that Defendants failed to maintain proper employment records as required by federal and state labor laws.

4. Specifically, the Complaint alleges that despite working more than twelve hours per day, seven days per week, Plaintiffs have not been paid minimum wage, nor compensated for overtime. (*Id.* at ¶¶ 18-24.)  Further, Defendants allegedly failed to pay Plaintiffs any wages at all for a substantial period.  (*Id.* at ¶ 21.)

## **PROCEDURAL HISTORY**

5. On December 22, 2019, Plaintiffs commenced the above-captioned action in this Court by filing a Complaint against Defendants, asserting six causes of action for violations of the FLSA, pursuant to 29 U.S.C. § 201 et seq., and NJWHL for unpaid wages.  (ECF No. 1.)  The Clerk of the Court issued summonses for Defendants on December 23, 2019.  (ECF No. 2.)

6. On December 24, 2019, Plaintiffs effected service on Defendants The Dolar Shop Restaurant Group LLC and Dolar Shop USA, LLC by delivering a copy of the Summons and Complaint

to 2066 Lincoln Highway, Edison, New Jersey 08817, pursuant to Fed. R. Civ. P. 4(h)(1)(A) and New Jersey Court Rule 4:4-4(a)(6).  (ECF Nos. 3 and 4.)

7.  On February 6, 2020, Plaintiffs effected service on Defendant Lili Shen by delivering a copy of the Summons and Complaint to a person authorized to accept service on behalf of Shen at 135 West 52nd Street, Apt. 26B, New York, New York, pursuant to Fed. R. Civ. P. 4(e)(2)(B).[1] (ECF Nos. 8.)

8.  On February 7, 2020, Plaintiffs effected service on Defendant Yu Zhang by delivering a copy of the Summons and Complaint to Ken Cheung, a person authorized to accept service on behalf of Zhang, at 17A Rutland Road, Great Neck, New York, pursuant to Fed. R. Civ. P. 4(e)(2)(B). (ECF No. 8.)

9.  That same day, Plaintiffs effected service on Defendant Tzu Yen Cheung, also known as Ken Cheung, by delivering a copy of the Summons and Complaint to him at 17A Rutland Road, Great Neck, New York, pursuant to Fed. R. Civ. P. 4(e)(2)(A).  (ECF No. 8.)

10.  On March 31, 2020, the Clerk of the Court entered default against Defendants, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, based on Defendants' failure to file a responsive pleading or otherwise appear in this action.

11.  On August 16, 2020, Plaintiffs filed a Motion for Default Judgment.  (ECF No. 12.)

12.  Defendants have not filed opposition to Plaintiffs' Motion for Default Judgment, nor have they filed a responsive pleading in this action.

---

[1]    Plaintiffs also mailed a copy of the Summons and Complaint on February 13, 2020, to Shen at 135 West 52nd Street, Apt. 26B, New York, New York via first class mail.  (ECF No. 9.)

## LEGAL STANDARD

13. The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading.  *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008).  Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion."  *Id.*  In ruling on a motion for default judgment, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"  *Id.* at 535-36; *see also DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005) (stating that "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment").

14. In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).  The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served.  *See Joe Hand Promotions, Inc. v. Batra*, No. 15-5863, 2017 WL 838798, at *2 (D.N.J. Mar. 2, 2017).

## DISCUSSION

15. First, the preliminary requirements for entry of default judgment are met.  The Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b).  *See*

28 U.S.C. § 1331.  The Court has supplemental jurisdiction over Plaintiffs' NJWHL claims because they are related to and arise out of the same controversy as the FLSA claims.  *See* 28 U.S.C. § 1367(a).  Moreover, the Court is satisfied that it has personal jurisdiction over Defendants.  The Court has personal jurisdiction over The Dolar Shop Restaurant Group based on its incorporation in the State of New Jersey and principal place of business in Edison, New Jersey.  *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (finding "the place of incorporation and principal place of business are paradig[m] ... bases for general jurisdiction.") (internal quotation and citation omitted) (alteration in original).  Similarly, the Court has personal jurisdiction over Dolar Shop USA because, as set forth above, service of process was proper and Plaintiffs allege that Dolar Shop USA does business as the Dolar Shop Hot Pot, which has its principal place of business is in Edison, New Jersey.  (Compl. at ¶¶ 7-8).

16. The Court also has specific personal jurisdiction over Cheung, Zhang, and Shen.  As discussed, *infra*, the FLSA permits direct liability against individual employers who have control over their employees.  29 U.S.C. § 203(d); *see also Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co.*, No. 16-08772, 2018 WL 1027446, at *2 (D.N.J. Feb. 23, 2018).  Based on the unrebutted allegations of the Complaint, the individual Defendants directed the activities of The Dolar Shop Restaurant Group, which operates the restaurant in New Jersey that gives rise to the claims in this action.  (*Id.* at ¶¶ 9-11).  Specifically, the Complaint alleges that the individual Defendants are owners and executives of The Dolar Shop Restaurant Group, and therefore, they oversaw employee schedules, compensation, and the restaurant's pay and recordkeeping practices.  Thus, based on the causes of action asserted, the Court has jurisdiction over these individual Defendants.

17. Recognizing that the preliminary requirements for default have been satisfied, the Court next addresses Plaintiffs' request for certification of this case as a class action pursuant to Fed. R. Civ. P. 23, before it evaluates whether the Complaint states a claim against Defendants.

18. Under Rule 23(a), the prerequisites to class certification include, in part, that plaintiff show by a preponderance of the evidence that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 484 (3d Cir. 2018). "Impracticable does not mean impossible, and refers rather to the difficulties of achieving joinder. This calls for an inherently fact-based analysis that requires a district court judge to take into account the context of the particular case, thereby providing district courts considerable discretion in making numerosity determinations." *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 249 (3d Cir. 2016), as amended (Sept. 29, 2016) (internal quotation marks and citations omitted). Although "no minimum number of plaintiffs is required to maintain a suit as a class action," the general rules are: a class of twenty or fewer members is usually insufficiently numerous: a class of over forty members is usually sufficiently numerous; and a class of twenty-one to forty members may or "may not meet the numerosity requirement depending on the circumstances." *Id.* at 249–50 (citing *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001). In considering whether the proposed class is sufficiently numerous, courts consider the following non-exhaustive list of factors: (1) judicial economy; (2) the proposed class members' ability and motivation to litigate as joined plaintiffs; (3) the class members' financial resources; (4) the geographic dispersion of class members; (5) the ability to identify future claimants; and (6) whether the claims are for injunctive relief or damages. *Id.* at 253. Although all factors are relevant, the first two are of primary importance. *Id.*

19. Here, the Complaint fails to establish numerosity, and therefore, the Court denies class certification. Plaintiffs merely allege that "the persons in the Rule 23 Class" are "so numerous that joinder of all members is impracticable." (Compl. at ¶ 28.) The Complaint does not, however, identify, project, or even estimate the number of potential class members. Instead, the Complaint alleges that the "precise number of such persons is unknown" because the calculation of that number depends on information within the sole control of Defendants. (*Id.*) However, the proposed class members are employees of one restaurant, and as such, it is not difficult to ascertain the number of employees subject to this putative class action. Because Plaintiffs have failed to demonstrate numerosity, I need not consider the remaining prerequisites of class certification.

20. Next, in determining whether the Complaint states a claim against Defendants, the Court accepts as true a plaintiff's well-pleaded factual allegations while disregarding its mere legal conclusions. *See Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533 at *1 (D.N.J. Mar. 14, 2006). "The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract."[2] *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)). Under the FLSA, employers must pay their employees at least a specified minimum hourly wage for work performed, and an employee who works more than forty hours in a single workweek must be paid for hours worked in excess of forty hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

---

[2]    The NJWHL mirrors its federal counterpart and "judicial interpretations construing the FLSA are applicable." *Crisostomo v. Exclusive Detailing, Inc.*, No. 08-1771, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010). Thus, the Court considers Plaintiffs' six counts together.

21. Counts I and II of the Complaint assert claims for unpaid overtime wages. To plead a plausible FLSA overtime claim, "a plaintiff must sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." *Davis*, 765 F.3d at 242 (alterations and emphasis omitted) (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). In adopting this standard, the Third Circuit rejected a stricter approach taken by some courts that requires a plaintiff to allege the number of overtime hours worked. *Id.* at 241. Thus, "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty-hour weeks, would suffice." *Id.* at 243. The FLSA provides for individual liability against employers. *Qu Wang*, No. 16-08772, 2018 WL 1027446, at *2. The determination of whether an individual is an employer for FLSA purposes turns on that individual's control, and courts consider whether the individual defendant: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Santiago v. Lucky Lodi Buffet Inc.*, No. 15-6147, 2016 WL 6138248, at *2 (D.N.J. Oct. 21, 2016). These factors, known as the "economic reality test," are meant to encompass the totality of the circumstances, and therefore, no single factor is dispositive. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

22. Here, the Complaint alleges that Plaintiffs consistently worked more than 40 hours per week, and they were not compensated appropriately for those additional hours. (Compl. at ¶¶ 18-24.) With respect to the individual defendants, Plaintiffs allege that Cheung, Zhang, and Shen are joint owners of the restaurant and serve as executives of The Dolar Shop Restaurant Group

and Dolar Shop USA. (*Id.* at ¶¶ 9-14). Specifically, the Complaint alleges that the individual defendants are "involved in the management of the restaurant," including oversight of employee schedules, compensation, and the restaurant's pay and recordkeeping practices. (*Id.* at ¶ 13.) Accordingly, Plaintiffs' Motion is granted with respect to their overtime claims against Defendants.[3]

23. Next, the Court turns to whether Counts III and IV of the Complaint adequately plead a minimum wage claim pursuant to the FLSA and NJWHL. *See* 29 U.S.C. § 206(a)(1)(C); *see also* N.J.S.A. 34:11-56a (establishing a minimum wage of $10.00 per hour from January 1, 2019 to January 1, 2020). A plaintiff's regular hourly wage is determined "by dividing his total remuneration for employment ... in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 CFR § 778.109; *see* 29 C.F.R. § 776.4(a) ("The workweek is to be taken as the standard in determining the applicability of the Act.").[4] "Where the salary covers a period longer than a workweek, such as a month, it must be reduced to its workweek equivalent. A monthly salary is subject to translation to its equivalent weekly wage by multiplying by [twelve] (the number of months) and dividing by [fifty-two] (the number of weeks)." *Wang v. Chapei LLC*, No. 15-2950, 2020 WL 468858, at *8 (D.N.J. Jan. 29, 2020) (quoting 29 C.F.R. § 778.113).

24. Here, the Court finds that Plaintiffs have stated a viable minimum wage claim based on Defendants' alleged failure to pay Plaintiffs from August 1, 2019 to December 15, 2019.

---

[3]    Although the Complaint alleges that Deng earned a salary rather than an hourly wage, no allegations give the Court reason to believe that Deng was exempt from the FLSA's mandatory overtime compensation provision.

[4]    "'Regular hourly wage' means the amount that an employee is regularly paid for each hour of work as determined by dividing the total hours of work during the week into the employee's total earnings for the week, exclusive of overtime premium pay." *Wang*, No. 15-2950, 2020 WL 468858, at *8 (quoting N.J.S.A. 34:11-56a1(e)).

Specifically, the Complaint alleges that Plaintiffs worked during this period; however, Defendants did not pay them any wages. Because Plaintiffs' unrebutted allegations suggest that they effectively earned zero dollars for this four-month period, I find that Plaintiffs are entitled to minimum wage.

25. Finally, the Court evaluates Counts V and VI of the Complaint, which purportedly seek Plaintiffs' unpaid base wages from August 1, 2019 to December 15, 2019. As detailed above, Plaintiffs allege that for this four-month period, Defendants did not pay Plaintiffs any wages. It is well settled, however, that the FLSA "expressly contemplates claims for minimum wage violations and for failure to pay overtime wages." *Hensley v. First Student Mgmt., LLC*, No. 15-3811, 2016 WL 1259968, at *3 (D.N.J. Mar. 31, 2016). Therefore, in order to recover under the FLSA, "a plaintiff must allege either the failure to pay the minimum wage <u>or</u> a failure to pay for overtime." *Id.* (citing 29 U.S.C. §§ 201-19) (emphasis added). Indeed, as the Second Circuit articulated in *Lundy*:

> So long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40–hour threshold, even if the employee also works overtime hours the same week. In this way federal law supplements the hourly employment arrangement with features that may not be guaranteed by state laws, without creating a federal remedy for all wage disputes—of which the garden variety would be for payment of hours worked in a 40–hour work week. For such claims there seems to be no lack of a state remedy, <u>including a basic contract action</u>.

711 F.3d at 116 (emphasis added) (internal citation omitted); *see also Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("[T]he FLSA is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold."); *Brunozzi v. Crossmark, Inc.*, No. 13-4585, 2016 WL 112455, at *5 (D.N.J. Jan. 11, 2016) (finding that "like the FLSA, the NJWHL does not provide a remedy for unpaid,

non-overtime wages") (citing *Hargrove v. Sleepy's LLC*, 106 A.3d 449, 458 (N.J. 2015).[5] Accordingly, to the extent Plaintiffs attempt to recover wages other than minimum wages or overtime pay, I find that the FLSA and the NJWHL cannot provide such remedy.

## **DISCRETIONARY FACTORS**

26. The discretionary factors also counsel in favor of granting default judgment. To determine whether granting default judgment is proper, the Court must make "factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default*." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

27. First, Defendants have not opposed Plaintiffs' Motion for Default, and therefore, the current record does not indicate that Defendants have any meritorious defense. *See Malibu Media, LLC v. Deleon*, No. 15-3855, 2016 WL 3452481, at *3 (D.N.J. June 20, 2016) ("The Court may presume that a defendant who has failed to plead, defend, or appear has no meritorious defense."). Accordingly, this factor weighs in favor of granting default judgment.

28. With respect to prejudice, this factor is satisfied because if the Court does not grant default judgment, Plaintiffs will be left without recourse against these Defendants. *See Joe Hand Promotions, Inc. v. Old Bailey Corp.*, No. 16-9207, 2018 WL 1327108, at *2 (D.N.J. March 15, 2018); *Joe Hand Promotions, Inc. v. Batra*, No. 15-5863, 2017 WL 838798, at *3 (D.N.J.

---

[5]    Notably, in *Looi v. Wang*, No. 13-1684, 2015 WL 64650, at *2 (D.N.J. Jan. 5, 2015), the district court adopted a magistrate judge's report and recommendation that found that pursuant to the FLSA, a plaintiff-employee should be entitled to his monthly salary of $2,800 after the defendant-employer failed to pay the plaintiff any wages for a four-month period. This amount goes above and beyond the minimum wage. The report and recommendation, however, did not address, let alone reconcile, the purpose and plain language of the FLSA with respect to the plaintiff-employee's request for non-overtime wages in excess of the minimum wage. The Court could not find, nor did Plaintiffs provide, any other cases that permitted recovery under the FLSA of an employee's unpaid base salary or base wages above the minimum wage.

Mar. 2, 2017) ("[W]ithout a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by Defendants.").

29. Finally, the remaining factor regarding Defendants' culpability weighs in favor of granting default judgment.  Defendants have not participated in the litigation despite being served with the Complaint approximately eight months ago.  Thus, Defendants are culpable for defaulting in this case.  *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984) ("Reckless disregard for repeated communications from plaintiffs and the court, combines with the failures to investigate the source of a serious injury, can satisfy the culpable conduct standard.").  As a result, the Court finds that default judgment is warranted.

## DAMAGES

30. With respect to damages, a plaintiff cannot recover damages under both the FLSA and NJWHL, as such an award of damages would amount to a double recovery.  *See*, *e.g.*, *Nieves v. Top Notch Granite & Marble LLC*, No. 10-1589, 2011 WL 2937352, at *3 (D.N.J. 2011) (stating same); *Krause v. Cherry Hill Fire Dist. 13*, 969 F. Supp. 270, 279 n.12 (D.N.J. 1997) (same) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 715 (1945)).

31. First, the Court must calculate each Plaintiff's compensatory damages for unpaid overtime compensation.   Under the FLSA, where a plaintiff-employee seeks damages for uncompensated overtime hours, the burden is on the plaintiff-employee to show the amount of overtime worked "as a matter of just and reasonable inference," which can be based on the plaintiff-employee's recollection.  *Santiago*, No. 15-6147, 2016 WL 6138248, at *3 (citations omitted).  The amount of overtime wages owed by the defendant-employer are then calculated from the plaintiff-employee's regular rate, or rate per hour.  For employees paid a monthly salary, like Deng, the employee's regular rate is determined by dividing their salary by 40

hours per week.  *Id.* (citing 29 C.F.R. § 778.109); *see also Qu Wang*, No. 16-08772, 2018 WL 1027446, at *4-5 (performing a similar calculation whereby the Court first determined the amount of weekly pay to then determine the amount of hourly pay).  Pursuant to the FLSA, overtime wages are equal to at least one and a half times the regular rate of pay a plaintiff-employee receives.  29 U.S.C. § 207(a)(1).[6]

32. Based on the methodology described above, the Court finds that each Plaintiff is entitled to compensatory damages for unpaid overtime compensation as follows:

**Yunjie Deng Unpaid Overtime Compensation**

| Employment Period | No. of Weeks | Hours Per Week | Monthly Salary | Gross Pay Per Week | Regular Rate of Pay | Overtime Rate of Pay | Weekly Unpaid Overtime | Total Unpaid Overtime for Period |
|---|---|---|---|---|---|---|---|---|
| 10/15/18 – 3/16/19 | 21.86 | 87.5 | $4000 | $923.08 | $23.08 | $34.62 | $1,644.23 | $35,942.87 |
| 3/17/19 – 7/14/19 | 17.14 | 98 | $4000 | $923.08 | $23.08 | $34.62 | $2,007.70 | $34,411.98 |
| 7/15/19 – 7/31/19 | 2.43 | 87.5 | $4000 | $923.08 | $23.08 | $34.62 | $1,644.24 | $3,995.50 |
| 8/1/19 – 12/15/19 | 19.57 | 87.5 | $4000 | $923.08 | $23.08 | $34.62 | $1,644.24 | $32,177.78 |
| | | | | | | | | **Total: $106,528.13** |

---

[6]    In safeguarding an employee's entitlement to overtime compensation, the FLSA provides that "no employer shall employ any of his employees who in any workweek is engaged in commerce […] for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate <u>at which he is employed</u>."  29 U.S.C. § 207(a)(1) (emphasis added).  Based on the plain language of the statute, the Court finds that Plaintiffs' overtime compensation for the employment period from August 1, 2019 to December 15, 2019, should be calculated based on each Plaintiff's agreed upon hourly wage for that period, not the minimum wage.

**Jianwei Zhao Unpaid Overtime Compensation**

| Employment Period | No. of Weeks | Hours Per Week | Hourly Rate | Regular Rate of Pay | Overtime Rate of Pay | Weekly Unpaid Overtime | Total Unpaid Overtime for Period |
|---|---|---|---|---|---|---|---|
| 3/17/19 – 4/20/19 | 5 | 84 | $12 | $12 | $18 | $396 | $1,980 |
| 4/21/19 – 7/7/19 | 11.14 | 69 | $12 | $12 | $18 | $261 | $2,907.54 |
| 7/8/19 – 7/31/19 | 3.43 | 81 | $15 | $15 | $22.50 | $461.25 | $1,582.09 |
| 8/1/19 – 12/15/19 | 19.57 | 81 | $15 | $15 | $22.50 | $461.25 | $9,026.66 |
| | | | | | | | **Total: $15,496.29** |

**Yanxue Liang Unpaid Overtime Compensation**

| Employment Period | No. of Weeks | Hours Per Week | Hourly Rate | Regular Rate of Pay | Overtime Rate of Pay | Weekly Unpaid Overtime | Total Unpaid Overtime for Period |
|---|---|---|---|---|---|---|---|
| 3/17/19 – 4/20/19 | 5 | 84 | $15 | $15 | $22.50 | $495 | $2,475 |
| 4/21/19 – 7/7/19 | 11.14 | 69 | $15 | $15 | $22.50 | $326.25 | $3,634.43 |
| 7/8/19 – 7/31/19 | 3.43 | 81 | $15 | $15 | $22.50 | $461.25 | $1,582.09 |
| 8/1/19 – 12/15/19 | 19.57 | 81 | $15 | $15 | $22.50 | $461.25 | $9,026.66 |
| | | | | | | | **Total: $16,718.18** |

**Keqing Song Unpaid Overtime Compensation**

| Employment Period | No. of Weeks | Hours Per Week | Hourly Rate | Regular Rate of Pay | Overtime Rate of Pay | Weekly Unpaid Overtime | Total Unpaid Overtime for Period |
|---|---|---|---|---|---|---|---|
| 12/8/18 – 3/16/19 | 14.14 | 72 | $10 | $10 | $15 | $240 | $3,393.60 |
| 3/17/19 – 4/20/19 | 5 | 84 | $12 | $12 | $18 | $396 | $1,980 |
| 4/21/19 – 7/7/19 | 11.14 | 69 | $12 | $12 | $18 | $261 | $2,907.54 |
| 7/8/19 – 7/31/29 | 3.43 | 81 | $14 | $14 | $21 | 430.50 | $1,476.62 |
| 8/1/19 – 12/15/19 | 19.57 | 81 | $14 | $14 | $21 | $430.50 | $8,424.89 |
| | | | | | | | Total: $18,182.65 |

**Feng Yay Yeng Unpaid Overtime Compensation**

| Employment Period | No. of Weeks | Hours Per Week | Hourly Rate | Regular Rate of Pay | Overtime Rate of Pay | Weekly Unpaid Overtime | Total Unpaid Overtime for Period |
|---|---|---|---|---|---|---|---|
| 3/17/19 – 4/20/19 | 5 | 84 | $13 | $13 | $19.50 | $429 | $2,145 |
| 4/21/19 – 7/7/19 | 11.14 | 69 | $13 | $13 | $19.50 | $282.75 | $3,149.84 |
| 7/8/19 – 7/31/29 | 3.43 | 81 | $14 | $14 | $21 | $430.50 | $1,476.62 |
| 8/1/19 – 12/15/19 | 19.57 | 81 | $14 | $14 | $21 | $430.50 | $8,424.86 |
| | | | | | | | Total: $15,196.32 |

33. Next, the Court calculates each Plaintiff's compensatory damages based on Defendants' failure to pay minimum wages. As set forth above, the FLSA and NJWHL do not provide recourse for Plaintiffs to collect their unpaid base salaries or wages from August 1, 2019 to December 15, 2019. The FLSA does, however, entitle Plaintiffs to a minimum wage for this four-month period of no compensation. *See* 29 U.S.C. § 206(a)(1)(C). Under the NJWHL, Plaintiffs are entitled to $10.00 for each hour worked under 40 hours per week. N.J.S.A. 34:11-56a (establishing a minimum wage of $10.00 per hour from July 1, 2019 to January 1, 2020). Accordingly, each Plaintiff is entitled to $400 per week in minimum wage. Given that Plaintiffs worked at least 40 hours per week during the 19.57 weeks that they were not paid any wages, the Court finds that Plaintiffs are each entitled to $7,828.

34. When combined, the Court finds that Plaintiffs are entitled to compensatory damages for unpaid minimum wages and unpaid overtime compensation as follows:

   a) Yunjie Deng is entitled to $114,356.13;
   b) Jianwei Zhao is entitled to $23,324.29;
   c) Yanxue Liang is entitled to $24,546.18;
   d) Keqing Song is entitled to $26,010.65; and
   e) Feng Yay Yeng is entitled to $23,024.32.

35. The FLSA also provides for liquidated damages in an amount equal to the actual damages that the defendant-employer is liable for. 29 U.S.C. § 216(b). A district court shall award liquidated damages to a plaintiff-employee unless the defendant-employer can show that "its actions were 'in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation' of the FLSA, and the district court finds liquidated damages unwarranted." *Brock v. Claridge Hotel & Casino*, 846 F.2d 180, 187 (3d Cir. 1988) (quoting 29 U.S.C. § 260).

36. In situations such as this, where Defendants have not appeared and have not presented any evidence of good faith, the Court awards Plaintiffs liquidated damages in an amount equal to the actual damages awarded.  *See Santiago*, No. 15-6147, 2016 WL 6138248, at *4 ("As Defendants have failed to appear, presenting no evidence regarding good faith, the Court must award liquidated damages."); *Garcia-Martinez v. V. Puzino Dairy, Inc.*, No. 11-6829, 2014 WL 7011536, at *2 (D.N.J. Dec. 11, 2014) (awarding liquidated damages to the plaintiff when the defendant did not present evidence of good faith, because "[a] defendant employer's burden of proof [to show good faith] is a difficult one to meet" and "[d]ouble damages are the norm, single damages the exception.") (quoting *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 (3d Cir. 1991)), adopted 2015 WL 132551 (D.N.J. Jan. 8, 2015).  Accordingly, I find that Plaintiffs are entitled to liquidated damages as follows:

   a) Yunjie Deng is entitled to $114,356.13;
   b) Jianwei Zhao is entitled to $23,324.29;
   c) Yanxue Liang is entitled to $24,546.18;
   d) Keqing Song is entitled to $26,010.65; and
   e) Feng Yay Yeng is entitled to $23,024.32.

37. Finally, under the NJWHL, Plaintiffs are entitled to prejudgment interest.  The Court accepts Plaintiffs' unrebutted calculation of prejudgment interest as follows:

   a) Yunjie Deng is entitled to $5,363.72;
   b) Jianwei Zhao is entitled to $1,332.74;
   c) Yanxue Liang is entitled to $1,377.64;
   d) Keqing Song is entitled to $1,551.51; and
   e) Feng Yay Yeng is entitled to $1,270.83.

(*See* Plaintiffs' Brief in Support of Motion for Default Judgment at 8; *see also* Wang Decl. at Ex. C.)

## ATTORNEYS' FEES AND COSTS

38. Plaintiffs also seek attorneys' fees under the FLSA, which directs the court to "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "The Third Circuit uses, and the Supreme Court has endorsed, a 'lodestar' approach for calculating fees in FLSA cases." *Qu Wang*, No. 16-08772, 2018 WL 1027446, at *5 (citing *Souryavong v. Lackawanna Cnty.*, 872 F.3d 122, 128 (3d Cir. 2017)).

39. Plaintiffs submit a declaration from Heng Wang, Esq. in support of their fee request. (*See*, *e.g.*, Wang Decl.). The declaration, which attaches counsel's billing records in connection with this case, details the work performed, the time it took counsel to perform each task, and the applicable hourly rates. (*Id.*) The declaration shows that two attorneys performed work on behalf of Plaintiffs in this case: Heng Wang, Esq. and Jacob Tebele, Esq. (*Id.* at ¶¶ 1, 5.) Wang billed at an hourly rate of $450 and Tebele billed at an hourly rate of $375. (Wang Decl. at Ex. B.) According to the declaration, FLSA litigation is Wang's expertise. (*Id.* at ¶¶ 4-5.) Wang has litigated wage and hour cases for thirteen years, where he has served as "lead counsel in a multitude of wage and hour litigation cases in both New Jersey and New York, including large scale collective action wage and hour litigation. (*Id.* at ¶ 4.) As for Tebele, the declaration certifies that he a senior associate at the law firm with nine years of litigation. (*Id.* at ¶ 6.) Like Wang, Tebele has been "involved in numerous wage and hour litigation cases" in both New Jersey and New York. (*Id.*)

40. While the Court finds the hourly rates to be reasonable when compared to rates charged in similar FLSA cases,[7] it is undeniable that some work performed in connection with the drafting

---

[7]     *See Jian Zhang*, No. 18-10359, 2019 WL 6318341, at *4 (finding the rates charged by the plaintiff's counsel of $550, $350, and $150 were reasonable); *Iqbal v. Makf Enters. Inc.*, No. 15-

of the instant Complaint and Motion for Default Judgment were duplicative of work performed in an nearly identical action captioned *Wu v. The Dolar Shop Restaurant Group LLC, et al.*, No. 3:19-cv-21774 ("First Action"). Specifically, counsel for Plaintiffs filed the First Action on behalf of two other workers employed by the same defendant-restaurant, asserting the exact same FLSA and NJWHL claims against the same defendants. Indeed, counsel filed the First Action on the same day as the instant action, and subsequently, filed a substantially similar motion for default judgment. In granting the motion for default judgment in the First Action, the Court awarded attorneys' fees in the amount of $17,475 for 40.60 hours of legal work and an additional $555 for costs and fees. Now, in the instant action, Plaintiffs' request an additional $15,915.00 for 36.80 hours of work and $638.75 in costs. Other than a request for class certification and different damages calculations, however, the Court finds the substance of the Complaint and Motion for Default Judgment papers in the instant action to be approximately 85% identical to those in the First Action. A review of the billing records submitted by counsel in connection with the First Action and the instant action demonstrates that at least 19.2 hours were duplicative. For example, both billing invoices contain identical entries for complaint drafting, preparation of summonses, investigation into the addresses associated with the individual defendants, legal research related to regular rate of pay calculation methodology, and drafting the Motion for Default Judgment. Based on this duplication, the Court awards Plaintiffs $8,662.50 in attorneys' fees and $638.75 in costs.

Accordingly, for the reasons set forth herein and for good cause shown,

    **IT IS** on this 17th day of November, 2020,

---

1640, 2016 WL 6275598, at *3 (D.N.J. Mar. 18, 2016) (deeming hourly rates of $350.00 and $275.00 reasonable).

**ORDERED** that judgment is entered against Defendants in favor of Plaintiffs for compensatory damages, liquidated damages, and prejudgment interest based on Defendants' failure to pay minimum and overtime wages in violation of 29 U.S.C. § 201 *et seq.*, as follows:

a) Yunjie Deng is entitled to $234,075.98;
b) Jianwei Zhao is entitled to $47,981.32;
c) Yanxue Liang is entitled to $50,470.00;
d) Keqing Song is entitled to $53,572.81; and
e) Feng Yay Yeng is entitled to $47,319.47.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for default judgment is denied with prejudice as to Counts V and VI, which seek Plaintiffs' alleged unpaid base wages from August 1, 2019 to December 15, 2019; and it is further

**ORDERED** that Plaintiffs are awarded reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) in the amount of $9,301.25.

s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge
